IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALBERT A. HANNA, ) | Civil No.:3:01CV680(SRU) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| INFOTECH CONTRACT SERVICES, INC ) | March 18, 2004 |
| and PFIZER, INC., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION IN SUPPORT OF DEFENDANT PFIZER'S BILL OF COSTS**

Mary A. Gambardella, Esq., pursuant to 28 U.S.C. § 1746, declares:

I am a member of the bar of this Court and am associated with Epstein Becker & Green, P.C., attorneys for the Defendant Pfizer, Inc. I make this declaration in support of Pfizer's Bill of Costs, pursuant to 29 U.S.C. § 1920, Fed. R. Civ. P. 54 and United States District Court, District of Connecticut (D.Conn.) Local Rule 54.

1. Plaintiff filed this action on March 23, 2001 (subsequently removed to this Court), alleging the following causes of action: discrimination in violation of 42 U.S.C. § 2000 et seq. and Conn. Gen. Stat. § 46a-60; breach of contract; tortious interference with contract; breach of the implied covenant of good faith and fair dealing; defamation of character, and negligent infliction of emotional distress.

2. On July 22, 2002, Defendant Pfizer and Defendant Infotech filed separate Motions for Summary Judgment seeking entry of judgment and dismissal of all Plaintiff's claims.

ST:28160v1

3. On April 17, 2003, this Court granted summary judgment for Defendants on all of Plaintiff's claims, and on April 23, 2003 entered judgment for Defendants and dismissed the case. See Decision and Judgment of this Court attached hereto as Exhibit 1.

4. On March 11, 2004, the United States Court of Appeals for the Second Circuit affirmed the judgment of this Court granting summary judgment for Defendants on all of Plaintiffs claims (03-7519- "We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court for substantially the reasons it stated."). See Summary Order attached hereto as Exhibit 2.

5. Defendant Pfizer has prevailed entirely and therefore requests that the Clerk tax the following costs as permitted by Fed. R. Civ. P. 54, D.Conn. Local Rule 54, and 28 U.S.C. § 1920[1]:

| Description of Taxable Costs | Amount |
|---|---|
| (a) **Court Reporter Fees for Deposition Transcripts** | **$ 2272.15** |

Pfizer is entitled to costs associated with transcripts of depositions of the Plaintiff, Albert Hanna, and the Pfizer employees deposed by Hanna. Deposition transcripts are recoverable costs. D.Conn. Local Rule 54(c). Whitfield v. Scully, 241 F. 3d 264, 271-72 (2d Cir. 2001); Natale v. City of Hartford, No. H-86-928, 1989 WL 132542, *6 (D. Conn. Sept. 12, 1989). These transcripts were used and cited by both sides in the summary judgment briefing, and relied on by this Court as indicated in the Decision of this Court on the summary judgment motions. Pfizer incurred **$1267.50** for the transcript of the deposition of Plaintiff Hanna; **$ 108.65** for the deposition transcript of Amy Bowman; **$ 178** for the deposition transcript of Pamela Close; **$ 124** for the deposition transcript of Lee Torres; **$ 118** for the deposition transcript of Charlene Chomyn; **$ 186** for the deposition

---

[1] See also Fleischer v. A.A.P. Inc., 36 F.R D. 31 (S.D.N.Y. 1964).

transcript of Glenda Bryant; **$122** for the deposition transcript of Jill Sutt; and, **$ 168** for the deposition transcript of Steve Price. See invoices of Court reporters attached as Exhibit 3.

    **(b)**    **Fees for copies of exhibits to the summary judgment motion**    **$ 80.19**

Defendant Pfizer is entitled to the necessary costs of copying exhibits appended to the successful summary judgment motion. D.Conn. Local Rule 54(c). Photocopying costs are recoverable under 28 U.S.C. § 1920 to the extent copies are furnished to the Court or opposing counsel. <u>Litton Systems, Inc. v. American Tel. & Tel. Co.</u>, 613 F. Supp. 824, 836 (S.D.N.Y. 1985). Pfizer therefore seeks costs for two copies of each exhibit (one for the Court and one for opposing counsel) in connection with the summary judgment motion (243 x 2=486 pages x $ 0.165 per copy). See copy service invoice dated 7/18/02 attached as Exhibit 4.

    **(c)**    **Fees incurred in removing the case from state court**    **$ 150**

Pursuant to D.Conn. Local Rule 54(c) 6(iii), fees incurred in removing a case from state court are taxed as costs. <u>Otero v. Housing Authority of the City of Bridgeport</u>, 2003 U.S. Dist Lexis 17706, 3:98CV1935 (D.Conn. Mar. 7, 2003). On April 20, 2001, this case was removed by Pfizer to this Court from state court. Pfizer incurred a court fee of $ 150 in this regard. A copy of the receipt for the $ 150 fee payment is attached hereto as Exhibit 5.

ST:28160v1    3

(d)     **Docket fees under 28 U.S.C. § 1920 and 1923(a)**              $20.00

Docket fees for a successful summary judgment motion are recoverable. Berryman v. Epp, 884 F. Supp. 242 (E.D. Mich. 1995); Mikel v. Kerr, 64 F.R.D. 93, *aff'd,* 499 F.2d 1178 (5th Cir. 1974).

**Total: $ 2522.34**

I declare under penalty of perjury that the foregoing is true and accurate.

_____
Mary A. Gambardella

ST:28160v1                                                                 4

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Declaration in support of Pfizer's Bill of Costs was sent via U.S. Mail, postage prepaid, this 18th day of March, 2004 to:

Thomas Moukawsher, Esq.
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT 06340

Anna R. Sankerin, Esq.
Roderick McLeish, Esq.
Greenberg Traurig, LLP
One International Place, 3rd Floor
Boston, MA 02110

Neil A. Capobianco, Esq.
Greenberg Taurig, LLP.
200 Park Avenue
New York, NY 10016
Post Office Box 1746
New Haven, CT 06507-1746

_____
Mary A. Gambardella