**MANDATE**

*NHCT*
*01-cv-680*
*Underhill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

*FILED*

*2004 JUN 17 P 2: 23*

*U.S. DISTRICT COURT*
*BRIDGEPORT, CONN.*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS
OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS
OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A
RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL
OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11ᵗʰ
day of March, two thousand and four.

PRESENT:

      HON. PIERRE N. LEVAL,
      HON. GUIDO CALABRESI,
      HON. SONIA SOTOMAYOR,

                    *Circuit Judges.*



ALBERT A. HANNA,

   *Plaintiff-Appellant,*

      v.                            No. 03-7519

INFOTECH CONTRACT SERVICES, INC. and PFIZER
INC.,

   *Defendants-Appellees.*

For Plaintiff-Appellant:                    THOMAS G. MOUKAWSHER,
                                          Moukawsher & Walsh LLC, Groton,
                                          CT

For Defendant-Appellee Pfizer Inc.:           MARY A. GAMBARDELLA,

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____

DEPUTY CLERK

1

ISSUED AS MANDATE: 6/3/04

1
2                                                         Epstein Becker & Green, P.C.,
                                                          Stamford, CT
3   For Defendant-Appellee InfoTech Contract Services, Inc.:   NEIL A. CAPOBIANCO, Greenburg
4                                                          Traurig, LLP, New York, NY
5
6        Appeal from the United States District Court for the District of Connecticut (Underhill,
7   J.).
8
10
11   _____
12   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
13   **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.
14
16   _____

17        Plaintiff-Appellant Albert A. Hanna appeals from a decision by the United States District

18   Court for the District of Connecticut (Underhill, J.) granting summary judgment in favor of the

19   defendants.  In December 1999, Hanna entered into a one-year contract with defendant-appellee

20   InfoTech Contract Services, Inc. ("InfoTech"), to provide computer support services to

21   defendant-appellant Pfizer Inc.  In Feburary 2000, Pfizer requested that Hanna be removed from

22   its account, because he had allegedly sexually harassed several of its female employees.

23   InfoTech subsequently terminated Hanna's contract.

24        Hanna brought suit against InfoTech, alleging discrimination in violation of 42 U.S.C. §

25   2000e *et seq.* and Conn. Gen. Stat. § 46a-60 *et seq.*, as well as breach of contract, breach of the

26   implied covenant of good faith and fair dealing, defamation of character, and negligent infliction

27   of emotional distress.  He also named Pfizer as a defendant, alleging discrimination, tortious

28   interference with contract, defamation, and negligent infliction of emotional distress.

29        The district court found that Hanna had made out a prima facie case of discrimination, but

30   that the defendants had offered a legitimate non-discriminatory reason for their decision –

2

1   namely, the multiple sexual harassment complaints from Pfizer employees. It concluded that

2   Hanna had provided no evidence that would allow a jury to conclude that the termination of

3   Hanna was motivated by discrimination. Hanna, who states that he is of "an Arab ethnic

4   background," contended below – as he does here on appeal – that one of complainants, Glenda

5   Bryant, was motivated by anti-Arab animus, and either acted to orchestrate the other harassment

6   complaints, or exercised supervisory authority in the decision to have Hanna removed from his

7   position at Pfizer. But the district court found (a) that Bryant was a non-supervisory employee,

8   (b) that there was no evidence that she fomented a conspiracy to convince other women to

9   fabricate claims against Hanna, and (c) that the key decision makers knew, at the time that they

10  made their decision, of several other women who had reported harassing behavior. It therefore

11  concluded that, even if Bryant harbored the discriminatory motives attributed to her, there was no

12  way to attribute any purported animus to Pfizer itself.[1]

13         The district court granted summary judgment to defendant on Hanna's other claims as

14  well. It found (a) that his employment contract with InfoTech was terminable-at-will[2] and that

15  Hanna's discharge did not violate public policy because he was terminated for sexual harassment

16  (b) that InfoTech had fired Hanna after its client, Pfizer, complained that he had sexually

17  harassed several women, which no reasonable jury could find to be an action taken in "bad faith,"

18  (c) that a reasonable jury could not conclude that Pfizer had acted maliciously, and thereby

19  tortiously interfered with Hanna's contract, (d) that the allegedly defamatory comments were

---

[1] The district court also concluded that there was insufficient evidence to support a hostile work environment claim, or a claim for discriminatory retaliation.

[2] In any event, the contract was certainly terminable for good cause, and the district court's findings established the existence of such cause.

1  "privileged," because they were made within and between corporations, *inter alia*, to protect

2  against sexual harassment and (e) that Hanna alleged no facts that could tend to show negligent

3  infliction of emotional distress.

4        We have considered all of appellant's claims and find them meritless.  We therefore

5  AFFIRM the judgment of the district court for substantially the reasons it stated.

6

7                                              For the Court,

8                                              ROSEANN B. MACKECHNIE,

9                                              Clerk of Court

10

11

12                                      by: *Lucille Carr*

4

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
UNITED STATES COURT HOUSE
40 FOLEY SQUARE
NEW YORK 10007

**ORIGINAL**

Taxed in the amount of $ __1028.70__ in favor of
Appellee, In fotech Contract Services $1,130
FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

Arthur M. Heller, Motions Staff Attorney

MAR 24 2004  Date

STATEMENT OF COSTS

# ITEMIZED AND VERIFIED BILL OF COSTS

Hanna

v.

Infotech Contract Services, Inc.
and Pfizer, Inc.

Docket No. 03- 7519

FILED
MAR 24 2004

     Counsel for Defendant-Appellee Pfizer, Inc.
respectfully submits, pursuant to Rule 39 (c) of the Federal R
Appellate Procedure the within bill of costs and requests the Clerk to
prepare an itemized statement of costs taxed against the Plaintiff-Appellant
and in favor of Defendant-Appellee    Pfizer Inc.
for insertion in the mandate.

Docketing Action

Costs of printing appendix(necessary copies_____)  _____

Costs of printing brief (necessary copies_____)

Costs of printing Appellee brief (necessary copies Total $1130 )  (See attached re: covers $110, 17
copies $435,table contents $85,
table citation $500)
I declare under penalty of perjury that the foregoing is true and correct.

**(VERIFICATION HERE)**

Subscribed and sworn to
before me this 17th day
of   March, 2004

_____
Commissioner of the Superior Court

_____
(Signature)
Mary A. Gambardella, Esq. (ct05386)
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT  06901
(203) 348-3737

itembcost_frm



**COUNSEL PRESS**

Epstein Becker & green, PC
One Landmark Square
Suite 1800
Stamford, CT 06901
Attn:  Jonathan Plissner, Esq.

Re:  Hanna v. Infotech Contact
    Second Circuit Court
    Invoice # 3108611

Bill of Costs

Appellee's Brief

| | |
|---|---:|
| 17 cover (binding included) | $  110.00 |
| 17 copies, 69 pages @ $0.37084 per page per copy | 435.00 |
| 1 table of contents page | 85.00 |
| 4 table of citations pages @ $125.00 per page per copy | 500.00 |
| 1 filing & 2 services | 100.00 |
| federal express to client | 20.00 |
| postage | 14.10 |

|  | | |
|---|---|---:|
| | Sub-Total | $1,264.10 |
| | Applicable Sales Tax | 75.85 |
| | Total | $1,339.95 |

Counsel Press LLC  520 Eighth Avenue, 8th Floor  New York, NY 10018   212 685 9800 tel  212 447 1621 fax  www.counselpress.com

New York  Washington  Philadelphia  Boston  Buffalo  Woodbridge  Richmond  Los Angeles

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Itemized and Verified Bill of Costs was served on counsel of record this 18th day of March, 2004, via regular U.S. Mail delivery, first-class, postage prepaid, addressed as follows:

Thomas Moukawsher, Esq.
Moukawsher & Walsh, LLC
328 Mitchell Street
Groton, CT 06340

Anna R. Sankerin, Esq.
Roderick McLeish, Esq.
Greenberg Traurig, LLP
One International Place, 3rd Floor
Boston, MA 02110

Neil A. Capobianco, Esq.
Greenberg Taurig, LLP.
200 Park Avenue
New York, NY 10016
Post Office Box 1746
New Haven, CT 06507-1746

_____
Mary A. Gambardella

st:23437v1                                      11