UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALBERT HANNA

      v.                                              3:01CV680 SRU

INFOTECH CONTACT SERVICE, INC.
and PFIZER, INC.

RULING ON BILL OF COSTS

On April 23, 2003, judgment entered for the defendant after a ruling granting summary judgment. On March 19, 2004, the defendant Pfizer submitted a Bill of Costs and on March 31, 2004, an objection was filed by the plaintiff that the judgment of the District Court was not yet final. On June 17, 2004, a Mandate from the U.S. Court of Appeals, affirming the judgment of the District Court, was filed. The defendant's Bill of Costs is now ripe for decision and for the reasons stated below, the defendant's bill of costs is granted.

A. FEES OF THE CLERK: The defendant submitted a claim for fees of the clerk in the amount of $150.00. The filing fee for the petition for removal in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)1. Costs are entered in the amount of **$150.00.**

B. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol VI, Chap. XX of the

"Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v. Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 ($7^{th}$Cir., 1975). Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs. Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii). The defendant submits a claim for the deposition transcript of plaintiff Hanna in the amount of $1267.50, Amy Bowman in the amount of $108.65, Pamela Close in the amount of $178.00, Lee Torres in the amount of $124.00, Charleen Chomyn in the amount of $118.00, Glenda Bryant in the amount of $186.00, Jill Sutt in the amount of $122.00 and Steve Price in the amount of $168.00. For the reasons stated, the claim is allowed in the entire amount of $2272.15.

Costs are entered in the amount of **$2272.15**.

  <u>C. DOCKET FEES UNDER 28 U.S.C. 1920 and 1923(a)</u> : The defendant submits a claim in the amount of $20.00 which is allowed.

Costs are entered in the amount of **$20.00**.

  <u>D. FEES FOR COPIES:</u> The cost of copies of exhibits appended to a successful motion for summary judgment are allowable pursuant to Local Rule 54(c)3.(iii). The defendant submits a claim for copies in the amount of $80.19 which is allowed.

Costs are entered in the amount of **$80.19**.

  <u>F. SUMMARY:</u> For the reasons previously stated, the defendant's bill of costs

are allowed as follows:

| | |
|---|---|
| Fees of the Clerk | $ 150.00 |
| Fees of the Court Reporter | $2272.15 |
| Fees pursuant to 28:1923(a) | $  20.00 |
| Fees for Copies | $  80.19 |
| Total | $2522.34 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 14th day of July, 2005.

                                        KEVIN F. ROWE, Clerk

                                        By    /s/ Chrystine W. Cody
                                               Deputy-in-Charge